IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DARRY L. CARPENTER, #02120082 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv410 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Darry Lynn Carpenter, a prisoner confined at the Montford Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this habeas petition challenging his 2017 criminal conviction after pleading guilty. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 19, 2022, Judge Love issued a Report (Docket No. 14), recommending that Petitioner's habeas petition be denied and that the case be dismissed with prejudice as time-barred. Judge Love further recommended that Petitioner be denied a certificate of appealability *sua sponte*. After being granted an extension of time in which to do so, Petitioner filed timely objections to the Report (Docket No. 18).

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir, 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten days to fourteen).

Petitioner now argues that his federal petition is timely because he learned of the trial court's clerk summary sheet during his state habeas proceedings in April 2020, which revealed errors and that he was denied pre-plea discovery constituting a *Brady* violation (Docket No. 18). Petitioner's objections are without merit because he waived any *Brady* claim by entering a guilty plea. *See United States v. Meza*, 843 F.3d 592, 599 n.3 (5th Cir. 2021) (unpublished) (explaining that it is well-settled that a defendant's guilty plea waives his pre-plea rights to *Brady* material); *see also Orman v. Caine*, 228 F.3d 616, 617 (5th Cir. 2000) ("*Brady* requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty."); *Matthew v. Johnson*, 201 F.3d 353, 362 (5th Cir. 2000) ("Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory evidence to an individual waiving his right to trial is not a constitutional violation."). Accordingly, Petitioner is not entitled to equitable tolling based on an alleged *Brady* violation.

Furthermore, Petitioner's complaints about the trial court "clerk's summary sheet" similarly do not entitle him to equitable tolling. As Judge Love explained, equitable tolling is available only in limited circumstances and not intended for those who "sleep on their rights." *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Given that Petitioner filed his state habeas application in 2020 after being convicted in 2017—which was after his federal time period expired—the Court finds that Petitioner failed to act with due diligence. *See* 28 U.S.C. § 2244(d)(1) (explaining that a prisoner must file a section 2254 petition within one year of the latest of "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*.") (emphasis supplied). On objection, Petitioner is complaining about various items on the "126[-]page clerks summary" provided to him during his state habeas proceedings in 2020; however, Petitioner neither explains why he waited years before initiating his state habeas proceedings nor why the "clerk's summary" could not have been discovered through the exercise of due diligence.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Docket No. 14), is **ADOPTED** as the opinion of the Court. Petitioner's objections, (Docket No. 18), are **OVERRULED**. Further, it is

**ORDERED** that Petitioner Carpenter's federal habeas petition is **DENIED** and this above-styled civil action is **DISMISSED**, with prejudice, as time-barred. Petitioner is further **DENIED** a certificate of appealability *sua sponte*. Any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **28th** day of **February, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE